### SHANNON et al. v. BELT.

No. 11695—Opinion Filed Feb. 12, 1924.

(Syllabus.)

1. **Witnesses—Competency of Husband as Agent of Wife.**

In the trial of a civil action, where the evidence discloses that the husband of the defendant acted as her agent in reference to matters to which his testimony is directed, the husband is a competent witness to testify in his wife's behalf.

2. **Appeal and Error—Sufficiency of Evidence—Equity Case.**

In an action of purely equitable cognizance the judgment of the trial court will not be reversed because of insufficiency of the evidence unless such judgment is clearly against the weight of the evidence.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by James L. Shannon and another against Nevada Belt. Judgment for defendant, and plaintiffs bring error. Affirmed.

Guy L. Andrews, for plaintiffs in error.

Wilkinson & Hudson, for defendant in error.

PER CURIAM. This is an action by the plaintiffs in error against the defendant in error for the cancellation of a deed to certain lands in Pittsburg county. The parties will be hereafter referred to as plaintiffs and defendant, as they appeared in the trial court. The case was tried to a jury and a verdict returned for the defendant and judgment rendered thereon by the trial court, from which an appeal has been taken by the plaintiffs. The transaction by which the deed was obtained by the defendant was conducted by James L. Shannon on the part of the plaintiffs, and W. L. Belt, the husband of Nevada Belt, on her behalf. It was the contention of the plaintiffs that the deed to the land in controversy was delivered by the plaintiffs to one McKinney to be delivered to Belt on condition that a provision be inserted in the deed excepting from the warranty clause a $210 mortgage. The defendant denied that the deed was conditionally delivered, and contended that Shannon had represented that this commission note secured by the $210 mortgtge had been paid and was not a part of the consideration for the execution of the deed. W. L. Belt was offered as a witness by the defendant to prove the defendant's version of the transaction. The plaintiffs objected to the testimony of Belt on the ground that he, being the husband of Nevada Belt, was not a competent witness. This objection was overruled, and the plaintiffs assign the action of the court in admitting this testimony as error. The record discloses that W. L. Belt in one portion of his testimony stated that he was acting for himself in this transaction, but thereafter this statement was corrected by him and he testified that he was acting as the agent for his wife in purchasing this property, and Mrs. Belt also testified that W. L. Belt was acting as her agent in the transaction. The plaintiffs contend that the entire evidence shows that W. L. Belt was not acting as agent for his wife, but in his own behalf, and that while Mrs. Belt was the record owner of the land, she held the same in trust for W. L. Belt, who was the real owner, and that he, not being a party to the suit and having acted for himself and not for his wife, the defendant, was not a competent witness. The testimony is undisputed that W. L. Belt was acting as the agent for his wife except for the contradiction appearing in the testimony of W. L. Belt. This was a question of fact for the determination of the trial court. He was in a position to observe this witness on the stand and to determine which portion of the testimony should be taken as true, and what weight should be given to the entire testimony. If the trial court had determined that W. L. Belt was the real party in interest, he would have been permitted to have him be made a party defendant in the proceeding and the testimony would have been admissible, but believing that this testimony

and that of Mrs. Belt was true, and that he was acting as the agent for Mrs. Belt, he permitted the case to proceed without making him a party to the suit, but permitted the testimony to be introduced on the theory that the transaction was one in which W. L. Belt acted as the agent for his wife. Section 589, Comp. Stat. 1921, provides:

"The following persons shall be incompetent to testify: * * * Third: Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

W. L. Belt, having acted as the agent for his wife in this transaction, comes within the exception of the above statute, and it was not error to permit him to testify. The plaintiffs next contend that the court erred in overruling a motion for a directed verdict and in rendering judgment for the defendant. These assignments present the sufficiency of the evidence, and as this was an equity case, we have examined and weighed the evidence, and we conclude that the judgment of the trial court refusing to cancel the conveyance is not clearly against the weight of the evidence. The plaintiffs complain because the trial court also refused to render judgment for the defendant on her cross-petition. Inasmuch as it is our opinion that the portion of the judgment refusing to grant relief to the plaintiffs was not clearly against the weight of the evidence, the plaintiffs are not entitled to complain of that portion of the judgment refusing to grant relief to the defendant. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER. COCHRAN, HARRISON. and LYDICK, JJ., concur.